# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES LEVON WOODLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV415-155 |
| | ) | |
| BRAD HOOKS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner James Woodley, convicted in Chatham County, Georgia Superior Court of kidnapping and armed robbery, among other charges, petitions to vacate those convictions under 28 U.S.C. § 2254. Doc. 1. He also moves for leave to proceed *in forma pauperis* ("IFP"). Doc. 2. Finding him indigent, the Court **GRANTS** that motion. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, however, shows that his petition must be dismissed.[1]

---

[1] Woodley filed another § 2254 petition about two months after he filed this case. *See Woodley v. Hooks*, CV415-206, doc. 1 (S.D. Ga. July 20, 2015). The two petitions, and their accompanying IFP applications, are identical (they appear to be copies of the same handwritten forms). The Clerk, therefore, is **DIRECTED** to **ADMINISTRATIVELY CLOSE** CV415-206.

This is not Woodley's first rodeo. Over seven years ago the Court denied his first § 2254 petition as untimely. *Woodley v. Walker*, No. CV408-222, doc. 15, (S.D. Ga. Dec. 11, 2008), *adopted* doc. 52. That this is round two decides this case.[2]

"Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). District courts "lack[] jurisdiction to decide a second or successive petition filed without [the court of appeals'] authorization." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014). Consequently, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Smalls v. St. Lawrence*, 2012 WL 1119766 at * 1

---

[2] In some circumstances, numerically second petitions do not qualify as "second or successive" for purposes of § 2244. *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 486 (2000) (second-in-time habeas petition dismissed for failure to exhaust state remedies was not successive). Second petitions like Woodley's, however, that attack the same judgment and raise claims that could have been raised in the first petition but were not "must meet the standards for authorization under § 2244." *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009); *see also Patterson v. Sec'y, Florida Dep't of Corr.*, ___ F.3d ___, 2016 WL 370660 at * 14 (11th Cir. Jan. 29, 2016) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).") (quoting *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)).

(S.D. Ga. Feb. 27, 2012) (quoting *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir.1996) (emphasis in original)), *adopted by*, 2012 WL 1119761 (S.D. Ga. Apr. 3, 2012).

Because (1) this is Woodley's second § 2254 petition, and (2) he never sought permission from the court of appeals before its filing, "this Court is not at liberty to consider it." *Id.* Accordingly, his petition should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED**, this  8th   day of February, 2016.

_/s/ G. R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA